[NOT FOR PUBLICATIONNOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 99-1607

 UNITED STATES,

 Appellee,

 v.

 CESAR CABRERA,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Mary M. Lisi, U.S. District Judge]

 Before

 Selya, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Lipez, Circuit Judge.

 John F. Sullivan on brief for appellant.
 Margaret E. Curran, United States Attorney, Donald C. Lockhart
and Stephanie S. Browne, Assistant United States Attorneys, on
brief for appellee.

February 18, 2000

 Per Curiam. After a careful review of the record
and the submissions of the parties, we affirm.
 Appellant Cesar Cabrera ("Cabrera") contends his
attorney below should have argued that Cabrera was subjected to
a de facto arrest unsupported by probable cause, so the
evidence subsequently seized from his car should have been
suppressed (the record shows Cabrera's attorney did in fact
advance this argument, so we will assume he means his attorney
should have more fully developed the argument). He also
contends that his attorney should have argued that a statement
Cabrera made during a consensual search of his car, in which he
admitted to ownership of the bag containing heroin, should have
been suppressed because he had not yet been advised of his
rights under Miranda v. Arizona, 384 U.S. 436 (1966). Since
the district court held an evidentiary hearing, the factual
record is fully developed and the only question presented is
whether counsel should have presented (or better developed)
these alternative legal theories. In such a case, we may
consider ineffective assistance of counsel claims on direct
appeal. United States v. Natanel, 938 F.2d 302, 309 (1st Cir.
1991) (appellate court may elect to consider ineffective
assistance of counsel claim on direct appeal "where the
critical facts are not genuinely in dispute and the record is
sufficiently developed to allow reasoned consideration of an
effective assistance claim").
 Cabrera's first ineffective assistance of counsel
claim fails because the substantive argument clearly would not
have succeeded. See Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir.
1999) ("Obviously, counsel's performance was not deficient if
he declined to pursue a futile tactic."). At the point when
the officer removed Cabrera's keys from the ignition, he was,
according to the lower court's supportable factual findings,
conducting a search to which Cabrera had consented. Cabrera
does not directly challenge those factual findings, but even if
he were to do so, we cannot see how he could establish clear
error. See United States v. Jones, 187 F.3d 210, 214 (1st Cir.
1999) ("Where evaluations of witnesses' credibility are
concerned, we are especially deferential to the district
court's judgment . . . ."). Further, even if Cabrera had not
consented to a search at that point, the officer would have
been entitled to continue detaining Cabrera under Terry v.
Ohio, 392 U.S. 1 (1968), given Cabrera's evasive and
inconsistent answers to the officer's questions and his
excessively disproportionate nervous response.
 Cabrera's contention that his attorney should have
argued for suppression of the statement made during the search
also fails. Cabrera was not in custody at the time, so the
argument would have been futile. See Jones, 187 F.3d at 217-
18.
 Cabrera makes other vague allegations that his
counsel failed to communicate effectively, failed to brief
fully the suppression motion, and failed to investigate. To
the extent these claims are understandable, the factual record
does not support any of them to the extent necessary to show
ineffective assistance.
 Affirmed. See 1st Cir. Loc. R. 27(c).